January 5, 1993

United States Court of Appeals
For the First Circuit

No. 92-1558

DAMARIS RIVERA-RUIZ,

Plaintiff, Appellant,

v.

LEONARDO GONZALEZ-RIVERA, ETC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gilberto Gierbolini, U.S. District Judge]

Before

Torruella and Stahl, Circuit Judges,

and Skinner,* District Judge.

Rafael F. Castro-Lang for appellant.

Vannessa Ramirez, Assistant Solicitor General, Department of

Justice, with whom Anabelle Rodriguez-Rodriguez, Solicitor General,

was on brief for appellees.

*Of the District of Massachusetts, sitting by designation.

Stahl, Circuit Judge. Appellant Damaris Rivera-

Ruiz ("Rivera") sued appellees pursuant to 42 U.S.C. 1983

and 1985 for alleged violations of her constitutional rights.

Specifically, the complaint alleged that appellees demoted

and transferred Rivera because of her political affiliation.

The district court granted summary judgment to appellees

because Rivera failed to "meet the standard for alleging

constitutional injury as set forth in Agosto-Feliciano v.

Aponte-Roque, 889 F.2d 1209 (1st Cir. 1989)." Rivera-Ruiz v.

Leonardo Gonzalez-Rivera, No. 87-1592, slip. op. at 2 (D.P.R.

April 1, 1992). Because we disagree with the district

court's view of Rivera's showing, we reverse the district

court's judgment and remand the case for further proceedings.

SUMMARY JUDGMENT

"Summary judgment is only appropriate when . . .

`there is no genuine issue as to any material fact and . . .

the moving party is entitled to judgment as a matter of

law.'" Hoffman v. Reali, 973 F.2d 980, 984 (1st Cir. 1992)

(quoting Fed. R. Civ. P. 56(c)). Summary judgments receive

plenary review, in which we read the record and indulge all

inferences in the light most favorable to the nonmoving

party. E.H. Ashley & Co. v. Wells Fargo Alarm Services, 907

F.2d 1274, 1277 (1st Cir. 1990).

-2-
2

BACKGROUND

The facts in the light most favorable to Rivera are

as follows. Rivera, a member of the New Progressive Party

("NPP"), worked at an agency of Puerto Rico's government

Corporacion de Fomento Recreativo since 1971. In that

organization, she held the career position of Executive

Officer IV since February 1, 1984.

In December 1986, appellees, members of the Popular

Democratic Party ("PDP") took Rivera's job duties away from

her and reassigned them to a member of the PDP. On the 22nd

of that month, appellees also reduced her monthly salary from

$1,131 to $998. On May 30, 1987, appellees demoted Rivera to

Executive Secretary I, which carries a monthly salary of

$995.

As a result of these actions, Rivera became

severely depressed, and on March 27, 1987, she was placed on

rest status at the State Insurance Fund. Rivera remained on

rest status until the State Insurance Fund declared itself

"without jurisdiction because [Rivera's] emotional condition

[is] due to political discrimination." Subsequently, Rivera

received private psychiatric care.

After receiving psychiatric care, Rivera reported

back to work, and appellees sent her to the agency's press

office where she was assigned minimal duties by a former

subordinate.

-3-
3

In September 1990, appellees transferred Rivera to

a division that did not require her skills as an Executive

Secretary. Moreover, at that division, Rivera had no desk,

typewriter, or office. Rivera never received a hearing on

any of these demotions or transfers.

LEGAL ANALYSIS

I. Due Process

The Due Process Clause of the Fourteenth Amendment

guarantees public employees with a property interest in

continued employment the right to a pre-termination hearing.

Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542

(1985). State law determines whether an employee has such an

interest. Bishop v. Wood, 426 U.S. 341, 344 (1976). Under

Puerto Rico law, a career position is a constitutionally

protected property interest. Kaufmann v. Puerto Rico Tel.

Co., 841 F.2d 1169, 1173 (1st Cir. 1988). However, that

property right is void if the employee acquired the career

position through a violation of the Puerto Rico Personnel Act

or agency regulations promulgated under that Act. Id.

No one disputes that Rivera held a career position.

However, appellees contend that her ascension to the

Executive Officer IV position entailed two violations of the

agency regulations. First, they argue that in October 1979,

Rivera was erroneously reclassified from Secretary V to

Executive Secretary II. Specifically, they state that she

-4-
4

did not perform functions similar to those performed in the

Executive Secretary I position for one year as required by

the agency regulations.

In response, Rivera has offered an affidavit from

an Interagency Coordinator of Human Resources for the

Municipal Government of San Juan stating that the

reclassification was appropriate. She also argues that she

worked for more than one year as an Executive Secretary III,

a position two levels higher than Executive Secretary I, and

that she therefore has satisfied the required one year of

experience similar to that of Executive Secretary I.

Second, appellees contend that Rivera's promotion

from Executive Secretary II to Executive Officer IV was void

because she did not have the minimal qualifications for that

position. Specifically, they assert that she did not meet

the requirement of one year of experience performing

functions similar to those of an Executive Officer III.

Rivera contends, however, that she did meet that requirement,

and the record is unclear on this issue. Thus, there are

genuine issues of material fact with respect to whether

Rivera's ascension to Executive Officer IV violated the

personnel regulations, and the district court should not have

granted appellees summary judgment on Rivera's due process

claim.

-5-
5

II. First Amendment

The district court concluded that Rivera's First

Amendment claim fails for two reasons. First, it stated that

even if Rivera could show that political affiliation was a

"motivating factor" in appellees' actions, appellees can show

that they would have demoted her regardless of her political

affiliation. Rivera-Ruiz, No. 87-1592, slip. op. at 12.

On appeal, appellees concede that Rivera carried

her initial burden of a prima facie showing that appellees'

conduct was politically motivated. See Kaufmann, 841 F.2d at

1172. She alleged that: (1) she support the NPP, and that

appellees were PDP supporters; (2) appellees gave the duties

of her former position to a specific PDP supporter; and (3)

two other employees in similar situations who were PDP

supporters had not been demoted.

Appellees argue, however, that they then met their

burden of production by offering a legitimate reason for

Rivera's demotion: she held the Executive Officer IV

position in violation of the personnel regulations. However,

as discussed above, it is unclear whether this justification

is supported by the record. Indeed, genuine issues of

material fact exist with respect to Rivera's qualifications

to hold this position.

The second reason that the district court rejected

Rivera's First Amendment claim was that Rivera failed to meet

-6-
6

the standard set out in Agosto-Feliciano v. Aponte-Roque, 889

F.2d 1209 (1st Cir. 1989) (holding that actions short of

dismissal may violate employee's First Amendment rights, but

placing restrictions on when they constitute such violation).

We disagree. Simply put, we believe that Rivera's

allegations, which have not been demonstrated to be false,

could provide a sufficient evidentiary basis for a reasonable

factfinder to determine, by clear and convincing evidence,

that Rivera's current position is "unreasonably inferior to

the norm," as that term is defined in Agosto-Feliciano. See

id at 1218-20; see also Rodriguez-Pinto v. Tirado-Delgado,

No. 92-1648, slip op. at 9-13 (1st Cir. Dec. , 1992).

Moreover, we are of the opinion that Rivera's allegations

also are of such a nature that a reasonable factfinder could

conclude by a preponderance of the evidence that appellees'

actions were motivated by discrimination on the basis of

political affiliation. See Agosto-Feliciano, 889 F.2d at

1220; see also Rodriguez-Pinto, slip op. at 11-13.

Accordingly, we find that the district court should not have

granted defendants summary judgment on Rivera's First

Amendment claim.1

1. There is some question as to the continuing vitality of
Agosto-Feliciano in light of the Supreme Court's ruling in

Rutan v. Republican Party of Illinois, 110 S. Ct. 2729

(1990). See Rodriguez-Pinto, slip op. at 18 (Torruella, J.

concurring). Because we conclude, however, that there exist
sufficient genuine and material factual disputes to warrant a
trial even under the arguably more stringent standard set

-7-
7

III. Qualified Immunity

Appellees' suggest that as government officials,

they are entitled to qualified immunity. The qualified

immunity defense does not rescue appellees in this case.

Qualified immunity is an affirmative defense for

government officials sued for damages. Domegan v. Fair, 859

F.2d 1059, 1063 (1st Cir. 1988). However, government

officials are not entitled to this defense if they violate

clearly established rights of which a reasonable government

official would have known. Harlow v. Fitzgerald, 457 U.S.

800, 818-19 (1982).

Because some portion of appellees' conduct

allegedly occurred after Agosto-Feliciano and Rutan were

decided, said conduct, if deemed unconstitutional, would have

violated clearly established rights about which appellees

should have known. Thus, appellees are not entitled to

qualified immunity with respect to those actions.2

forth in Agosto-Feliciano, we do not reach this issue.

2. Of course, appellees remain entitled to qualified
immunity with respect to any conduct that occurred prior to
the Agosto-Feliciano and Rutan decisions. See Rodriguez-

Pinto, slip. op., at 7 ("prior to our decision in Agosto-

Feliciano and the Supreme Court's decision in Rutan v.

Republican Party of Illinois, 110 S. Ct. 2729 (1990), it was

not clearly established that the constitutional prohibition
against politically motivated firings applied to other

personnel actions, such as promotions, transfers, demotions,
and hirings") (citations omitted) (emphasis original).

-8-
8

CONCLUSION

Because genuine issues of material fact exist with

respect to Rivera's claims against appellees, we reverse the

summary judgment, and remand the case for further proceedings

consistent with this opinion.

Reversed and remanded.

-9-
9